Dear Commissioner Bliss:
On behalf of the St. Augustine Port, Waterway and Beach Commission, you ask substantially the following question:
Does the enabling legislation of the St. Augustine Port, Waterway and Beach District contemplate that the district's governing body exercise its authority by passage of an ordinance or by resolution?
The question of whether the district may exercise its authority by passage of an ordinance has been raised. You have previously advised this office that it does not appear that the St. Augustine Port, Waterway and Beach District has ever adopted an ordinance.[1]
The St. Augustine Port, Waterway and Beach District (District) is an independent special district created by the Legislature in 1937.[2]
The purpose of the District is to improve and maintain the waterways within the District subject to the regulatory authority given to other governmental entities. In 2000, the district's special acts were codified by Chapter 00-478, Laws of Florida, in accordance with section189.429, Florida Statutes.[3]
The governing body of the District is a five member commission, known as the St. Augustine Port, Waterway and Beach Commission.[4]
Commission members are elected by registered voters residing within the District.[5] Section 4 of the District's charter sets forth the powers of the commission. Section 4(a) provides that the commission may
"acquire by grant, purchase, gift, devise, condemnation, exchange, or in any other manner all property real or personal or any estate or interest therein, within or without the district which byresolution the commission shall determine to be necessary for the purposes of the district . . .; to improve, maintain, sell, lease, convey, exchange, or otherwise dispose of the same, or any part thereof, or interest or estate therein, upon such terms and conditions as the commission shall by resolution fix and determine. . . ." (e.s.)
Other provisions of the District's charter refer to the commission carrying out its duties by resolution. For example, section 4(b) provides that the commission may "lay out, construct, condemn, purchase, own, acquire, add to, maintain, conduct, operate, build, equip, manage, replace, enlarge, improve, regulate, control, repair, . . . all other harbor improvements and facilities which by resolution the commission may determine to be necessary[.]" (e.s.) Section 4(c) of the charter authorizes the commission, among other things, to "enact, adopt, and establish by resolution rules and regulations for the exercise of jurisdiction and control over all of said waters and said port within the district." (e.s.) Pursuant to section 4(e) of the district's charter, the commission may "exercise such police powers as byresolution the commission shall determine to be necessary for the effective and complete control, regulation, and protection of the district."[6] (e.s.) Thus, Chapter 00-478, Laws of Florida, providing for the exercise of authority by the commission uses the term "resolution," not ordinance.[7]
You refer to the provisions of Chapter 315, Florida Statutes, relating to ports.[8] The only reference in Chapter 315 to "ordinance" is contained in section 315.03(1), Florida Statutes, which states that each unit is authorized and empowered:
"To acquire, construct, lease, operate and maintain any port facilities either within or without or partly within and partly without the corporate limits of the unit, or within or partly within the corporate limits of any other unit on property owned or acquired by it; provided, however, that no unit shall acquire, construct, lease, operate or maintain port facilities other than channels or turning basins in any county of the state other than the county in which such unit is located without securing the prior approval or consent of the unit or units in which such port facilities are proposed to be located, which approval or consent, if given, shall be evidenced by a resolution or ordinance dulyadopted." (e.s.)
"Unit" is defined to mean "any county, port district, port authority, or municipality or any governmental unit created pursuant to s.163.01(7)(d) that includes at least one deepwater port as listed in s.403.021(9)(b)."[9] The use of the term "ordinance" in section315.03(1), Florida Statutes, would appear to be merely an acknowledgment that some of the entities included within the term "unit" are authorized to enact ordinances.
Accordingly, in light of the language contained in the District's enabling legislation, I am of the opinion that the St. Augustine Port, Waterway and Beach Commission must exercise its authority by resolution.[10]
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] Letter from the Honorable Jay Bliss to Attorney General Bill McCollum, dated August 30, 2007.
[2] See Ch. 18879, Laws of Florida 1937, as amended.
[3] Section 189.429, Fla. Stat., provides for the codification of multiple special acts for a special district into a single act.
[4] See ss. 3 and 5 of the District's Charter, ss. 3(3) and (5), Ch. 00-478, Laws of Fla.
[5] Section 5 of the District's Charter, s. 3(5), Ch. 00-478, Laws of Fla.
[6] And see s. 3(4)(g), Ch. 00-478, Laws of Fla. (commission may "designate and create such offices, departments, or divisions, other than those herein specifically provided for, as by resolution the commission may determine necessary and, in said resolution, . . . provide the duties and powers, term of office, compensation, or salary of such offices, positions, and departments"); s. 3(4)(j), Ch. 00-478, Laws of Fla. (commission may "exercise the right of eminent domain and to condemn, appropriate, and acquire any property, both real and personal, and any interest therein which by resolution the commission shall determine to be necessary"); s. 3(4)(j)2., Ch. 00-478, Laws of Fla. (upon the filing of a petition in any condemnation proceeding, "the commission shall have the right to take immediate possession of said lands, easements, or rights of way to the extent of the interest sought to be acquired whenever the commission shall by resolution determine that immediate possession is necessary"); s. 3(8), Ch. 00-478, Laws of Fla. ("commission shall determine annually by resolution the total amount to be raised by taxation upon the taxable property located within the district, and the rate of taxation"); and s. 3(13), Ch. 00-478, Laws of Fla. ("All moneys of the district shall be kept in depositoriesdesignated by resolution of the commission"). (e.s.)
[7] Compare, e.g., s. 3, Ch. 04-470, Laws of Fla., the enabling legislation for the Upper Captiva Fire Protection and Rescue Service District, stating that the fire protection and rescue service district has the authority to adopt ordinances and resolutions necessary to conduct district business.
[8] See s. 315.01, Fla. Stat., stating that the law shall be known as the "1959 Port Facilities Financing Law."
[9] Section 315.02(4), Fla. Stat.
[10] Cf. Black's Law Dictionary Ordinance p. 1132 ("[a]uthoritative law or decrees; esp. a municipal regulation") and Resolution p. 1337 ("A main motion that formally expresses the sense, will, or action of a deliberative assembly [esp. a legislative body] . . . [f]ormal action by a corporate board of directors or other corporate body authorizing a particular act, transaction, or appointment").